MARIANA CUEVAS, Plaintiff and Appellee, *v.* WORKMEN'S RELIEF COMMISSION, Defendant; ALFONSO HERNÁNDEZ, Appellant.

No. 5908. Argued January 26, 1933.—Decided February 7, 1933.

*Largé & Acevedo* for appellant. *Buenaventura Esteves* for appellee. *Charles E. Winter, Attorney General,* and *E. de Aldrey, Assistant Attorney General,* for the defendant commission.

MR. JUSTICE WOLF delivered the opinion of the Court.

Mariana Cuevas is the appellee in this case. She was the plaintiff in the court below. She brought an action in the District Court of Aguadilla to annul an award made by the Workmen's Relief Commission or the substituted liquidating board.

The award was in favor of Alonso Hernández, a painter. He was working in a house belonging to Mariana Cuevas. A carpenter had placed a scaffold on the house. There is no question that the scaffold was incomplete, as it had no supports. On this scaffold the workman placed a box mounted thereon. He slipped or fell therefrom and suffered injuries for which the Workmen's Relief Commission awarded him damages.

The complaint for annulment was duly answered by the commission. Literally the workman appeared as an *amicus curiae*. Nevertheless, in the court below and in this Court to a large extent the contest was waged between Mariana Cuevas and Alfonso Hernández. The latter is the appellant. The law gave the laborer the right of appeal. *Rodríguez* v. *Workmen's Relief Commission*, 31 P.R.R. 175.

At the close of the plaintiff's evidence the defendant presented a motion for nonsuit on various grounds. One of them was that the plaintiff had not proved that she was not the responsible employer. Naturally, even if she was, she still had the right under section 4 of Act No. 61 of 1921, to defend against the claim of Alonso Hernández on the ground of recklessness (*imprudencia temeraria*) or gross negligence, supposing, as we do, that this defense was established. Another ground of the motion for nonsuit was that under section 20 of the Workmen's Accident Compensation Act as amended by Act No. 102 of 1925 (Session Laws, page 943), a non-insured employer could not raise the defense of contributory negligence on the part of the laborer, even if the latter had been reckless. The court heard some additional evidence on the question of whether Mariana Cuevas was or was not the responsible employer and then overruled the motion.

The appellee maintains that the preponderance of the evidence was in her favor and that it was her father, as lessee of the house, and not herself, who was the person who employed this painter and other workmen to do the work. The court

evidently was not satisfied that Mariana Cuevas was not the responsible employer, and the appellee does not convince us that the court was mistaken in this regard. It may be added that the court in its final decision did not enter into the question of whether Mariana Cuevas was the responsible employer or not.

The defendant then presented evidence and the court, as we have intimated, found in favor of the plaintiff on the ground that Alfonso Hernández had been guilty of recklessness.

The court found that appellant in company with other laborers was working in a house in the town of Lares, belonging to Mariana Cuevas, which was said to be leased to José Cuevas; that leaving his painting work in the living-room he, without anybody ordering him to do so, mounted on a platform which had been constructed over the balcony in order to paint the front of the house, which platform was not terminated inasmuch as it lacked supports and was therefore dangerous; that this notwithstanding, Alfonso Hernández, without anybody ordering him to do so, placed upon the platform a box and mounted thereon to paint the higher part of the facade and that thereby he lost his balance and fell from the platform; that the carpenter, Felipe Pérez, who constructed the scaffold and was making repairs on the house, and José Cuevas, who had hired him, drew to his attention that he ought not go up on the platform, in spite of which, without being seen by Cuevas, and notwithstanding his warning, that of the carpenter, and of other persons, among them the marshal of the Municipal Court of Lares who happened to be passing by, he mounted on the platform, and that it was his imprudence and recklessness which caused the accident.

The appellant has drawn to our attention a number of cases which have some possible analogy, to the effect that the conduct of the laborer should not have been considered as reckless or gross negligence. But we think that each case must be judged on its facts. The evidence in detail showed

that various persons warned the appellant not to mount on the platform and that nevertheless he did so. On the witness stand the laborer denied that he received any warning whatsoever, but the court evidently did not believe him.

It makes no difference that the appellant had no criminal intention or was not actuated by malice in going upon the platform. What appellant did was not, as in some of the cases cited, to have a sudden impulse to act but according to the proof the fact was that deliberately and voluntarily and against repeated warning he mounted on a platform that was not finished, that was dangerous in itself, and made more so by putting a box thereon.

Force is added to these considerations by the act of March, 13, 1913, amended December 1, 1917, and July 7, 1923, which provides that no platform should be put into use without supports or the equivalent and the employer is subject to a penalty who fails to provide such supports. The law itself has recognized the dangerous character of a scaffolding and sought to protect againt such danger.

The judgment appealed from will be affirmed.